# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### SOUTHERN DIVISION

| | |
|---|---|
| Sina and Mohammad Hassan, | : |
| | : |
| Plaintiffs, | : Civil Action No.: 8:15-cv-270 |
| | : |
| v. | : |
| | : |
| Northstar Location Services, LLC; and DOES | : **COMPLAINT** |
| 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiffs, Sina and Mohammad Hassan, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiffs, Sina Hassan (hereafter "Sina) and Mohammad Hassan (hereafter "Mohammad"), are adult individuals residing in Gaithersburg, Maryland, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Northstar Location Services, LLC ("Northstar"), is a New York

business entity with an address of 4285 Genesee Street, Cheektowaga, New York 14225,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Northstar and

whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

7.      Northstar at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A.  The Debt**

8.      Sina allegedly incurred a financial obligation (the "Debt") to an original creditor

(the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under

15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Northstar for collection, or

Northstar was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Northstar Engages in Harassment and Abusive Tactics**

12.     Within the last year, Northstar contacted Sina in an attempt to collect the Debt.

13.     During a live conversation with Northstar, Sina advised Northstar that he was

disputing the Debt and requested validation of the Debt.

14.     Northstar responded by threatening to take legal action against Sina if the Debt

was not paid.

15.     On or around August 22, 2014, Northstar contacted Sina's father, Mohammad and discussed the Debt with him without Sina's permission.

16.     During the live conversation, Mohammad advised Northstar that they had the wrong number and for Northstar to cease all calls to his telephone.

17.     Despite lacking consent from Sina to call Mohammad, Northstar continued to call Mohammad.

**C. Plaintiff Suffered Actual Damages**

18.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

20.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

22.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiffs' debt and stated that the Plaintiffs' owed a debt.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged

3

in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

31.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

33.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

34.     The Defendants threatened criminal prosecution against the Plaintiff, in violation of MD. Code Comm. Law § 14-202(2).

4

35.     The Defendants disclosed or threatened to disclose information to a person other than the Plaintiff or his spouse information affecting the Plaintiff's reputation, with knowledge that the third party the Defendants were contacting had no business need for such information, in violation of MD. Code Comm. Law § 14-202(5).

36.     The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

37.     The Plaintiffs are entitled to damages proximately caused by the Defendants' violations.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6.   Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 30, 2015

Respectfully submitted,

By    /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.

1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEY FOR PLAINTIFFS